UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                       Case No:   6:18-cv-2194-Orl-22TBS

JOSEPH D. CORNWELL, JR., ROBERT
A. LABELLA, JR., SOMERSET SHORES
HOMEOWNER'S ASSOCIATION, INC.,
DR. PHILIPPS COMMUNITY
ASSOCIATION, INC., ORANGE
COUNTY TAX COLLECTOR and
JOMICO, LLC,

    Defendants.

## ORDER

This case comes before the Court without a hearing on the United States' Motion to Effect Service of Count II (Foreclosing Alter-Ego Federal Tax Lien) of the Complaint by Publication (Doc. 23).

Plaintiff brings this action to reduce to judgment, Defendant Joseph D. Cornwell, Jr.'s outstanding federal income tax liabilities for the tax years 2002, 2003 and 2005 (Doc. 1). According to Plaintiff the total amount due as of December 31, 2018 was $974,937.84 plus statutory additions, including interest, which continue to accrue until payment in full is made (Id., ¶ 15). Plaintiff also seeks to enforce federal tax liens against the following property ("Property") titled in the name of Defendant JOMICO, LLC:

> Lot 32, SOMERSET SHORES, according to the map or plat
> thereof as recorded in Plat Book 29, Page 53, Public Records
> of Orange County, Florida.
>
> PARCEL ID# 26-23-28-8135-00320

(Id., ¶ 12). Plaintiff claims that JOMICO is the alter-ego of Cornwell (Id., ¶¶ 17-26). On this basis, Plaintiff seeks to foreclose the Property to satisfy the federal tax liens against Cornwell (Id.).

Process was served on all Defendants except Cornwell, JOMICO and Robert A. Labella Jr. as Trustee of the Robert A. Labella Revocable Trust UAD 7-14-97. Plaintiff sought and was granted an enlargement of time to serve these Defendants (Docs. 20-21). Despite being allowed additional time for service, Plaintiff has been unable to serve these Defendants and now seeks to do so by publication pursuant to FED. R. CIV. P. 4(e)(1), FLA. STAT. § 49.011(1), and 28 U.S.C. § 1655 (Doc. 23).

"Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by: (1) following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; …" FED. R. CIV. P. 4(e)(1).

Florida permits service on any person, corporation, or other legal entity by publication "in any action or proceeding: (1) To enforce any legal or equitable lien or claim to any title or interest in real or personal property within the jurisdiction of the court or any fund held or debt owing by any party on whom process can be served within this state." FLA. STAT. 49.011(1). Before a defendant can be served by publication "a statement shall be filed in the action executed by the plaintiff, the plaintiff's agent or attorney, setting forth substantially the matters hereafter required, which statement may be contained in a verified pleading, or in an affidavit or other sworn statement." FLA. STAT. § 49.031(1). The sworn statement should show:

> (1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and
>
> (2) Whether such person is over or under the age of 18 years, if his or her age is known, or that the person's age is unknown; and
>
> (3) In addition to the above, that the residence of such person is, either:
>
> (a) Unknown to the affiant; or
>
> (b) In some state or country other than this state, stating said residence if known; or
>
> (c) In the state, but that he or she has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself or herself so that process cannot be personally served, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.

FLA. STAT. § 49.041.

Cases interpreting the Florida statutes hold that "there must be strict compliance with the requirements of service of process by publication" and that the "'[f]ailure to strictly comply renders a subsequent judgment voidable.'" Godsell v. United States Residential Ins., 923 So.2d 1209, 1213 (Fla. 5th DCA 2006) (quoting Floyd v. Federal Nat'l Mortgage Ass'n, 704 So.2d 1110, 1112 (Fla. 5th DCA 1998)). The courts have explained that "when a plaintiff seeks service of process by publication, 'an honest and conscientious effort, reasonably appropriate to the circumstances, must be made to acquire the information necessary to fully comply with the controlling statutes.'" Id., at 1214 (quoting Klinger v. Milton Holding Co., 136 Fla. 50, 68, 186 So. 526, 534 (Fla. 1939)). "It is basic that to constitute diligent search and inquiry to discover the whereabouts of a party, that inquiry

- 3 -

should be made of persons likely or presumed to know such whereabouts." Id., at 1215 (quoting Dor Cha, Inc v. Hollingsworth, 876 So.2d 678, 680 (Fla. 4th DCA 2004)).

Plaintiff's attorney has submitted his declaration in support of the motion to serve Defendants by publication (Doc. 23-1). The declaration states that the email attached to it consists of exchanges between counsel and the process serving company retained to serve Defendants (Id., ¶ 2). The single email provided, authored by the process server's account manager, states:

> Server reports there has been no answer at the door for the above three summonses.
>
> Server is walking around the gate for Joseph Cornwell at 7313 Somerset Shores Court, Orlando, FL 32819, but there has been no change at the residence. There is no one there and the same car is in the garage.
>
> At Robert A. Labells Jr., 7700 Chapelhill Drive, Orlando, FL 32819, they close the gate at 5pm and access after that is not possible.

(Id., at 4). This is best described as double hearsay. And, even if it is accepted as true, it does not satisfy Florida's requirement that a diligent, honest, conscientious effort be made before service by publication is authorized. It does not appear that any neighbors or other persons who may know the whereabouts of Cornwell and Labells have been contacted. It does not appear that any public records searches including searches of tax records, voter registration records, motor vehicle records, or drivers' license records have been made. It does not appear that utility companies have been contacted to learn the names and addresses of the persons for whom service is being provided, no skip traces have been performed, and location services including for example, Accurint have not been employed. Assuming arguendo that Plaintiff has already done all of these things, the motion would still be insufficient because counsel's declaration does not satisfy the

requirements of FLA. STAT. § 49.041. For these reasons, Plaintiff's motion to serve Defendants by publication pursuant to the Florida Statutes is **DENIED**.

Under federal law, an action to enforce a lien in district court "where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain. Such order shall be served on the absent defendant personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks." 28 U.S.C. § 1655. Then, "[i]f an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action." Id. "Any defendant not so personally notified may, at any time within one year after final judgment, enter his appearance, and thereupon the court shall set aside the judgment and permit such defendant to plead on payment of such costs as the court deems just." Id. This statute is only available for in rem claims, "[a] mere in personam claim will not suffice to support service under the statute." Harrison v. Prather, 404 F.2d 267, 269 (5th Cir. 1968). Suit to force a 26 U.S.C. § 7403 sale of property to satisfy federal tax liens in an in rem proceeding.[1] United States v. Rodgers, 461 U.S. 677, 695, 702, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983).

Section 1655 does not include any conditions precedent that must be satisfied before its use is permitted. Cases construing 28 U.S.C. § 118 [now § 1655] hold that

---

[1] Plaintiff's complaint seeks sale of the Property pursuant to 26 U.S.C. § 7403, free and clear of the rights of all parties to this case. (Doc. 1 at 8).

before service can be made "three essential requisites must have been fulfilled: (1) the suit must be one to enforce a legal or equitable lien upon, or claim to, the title to real or personal property, or to remove some encumbrance, lien or cloud upon the title of such property; (2) the proceeding must be in aid of some preexisting claim, existing prior to the suit in question, and not a proceeding to create for the first time a claim to the property as the effect of the proceeding itself; (3) the property in question must have a situs within the district in which suit is brought in a federal district court." McQuillen v. National Cash Register Co., 112 F.2d 877, (4th Cir. 1940), *cert. denied*. 61 S.Ct. 140, 311 U.S. 695, 85 L.Ed. 450, *rehearing denied* 61 S.Ct. 316, 311 U.S. 729, 85 L.Ed. 474. All three of these conditions have been satisfied. Accordingly, Plaintiff's motion is **GRANTED** to the extent it seeks to serve Defendants pursuant to 28 U.S.C. § 1655.

Plaintiff shall publish a copy of this Order in a newspaper of general circulation in Orange County, Florida not less than once a week for six consecutive weeks; and Plaintiff shall have a period of time commencing from the date this Order is entered on the docket plus the six consecutive weeks required for publication of this Order pursuant to 28 U.S.C. § 1655, whichever is later; and Defendants Joseph D. Cornwell, Jr., JOMICO, LLC a/k/a JOMICH, LLC, and Robert A. Labella Jr. as Trustee of the Robert A. Labella Revocable Trust UAD 7-14-97 are hereby directed to appear, plead, answer or otherwise move, with respect to Plaintiff's complaint on or before two weeks after the last day for publication of this Order or be in default thereof.

**DONE** and **ORDERED** in Orlando, Florida on April 3, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties