UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.   Case No: 6:18-cv-2194-ACC-EJK

**JOSEPH D. CORNWELL, JR. ,
ROBERT A. LABELLA, JR. ,
SOMERSET SHORES
HOMEOWNER'S ASSOCIATION,
INC., DR. PHILIPPS COMMUNITY
ASSOCIATION, INC., ORANGE
COUNTY TAX COLLECTOR,
JOMICO, LLC, GLORIA LA BELLA
and ROBERT A. LABELLA, JR. AS
PERSONAL REPRESENTATIVE OF
THE ESTATE OF ROBERT
ACCURSIO LABELLA,**

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the undersigned, referred from the Court, on Defendant Gloria LaBella's Motion to Appeal *In Forma Pauperis* ("the Motion"), filed December 15, 2020. (Doc. 105.) Upon consideration, I respectfully recommend that the Motion be denied.

**I.   BACKGROUND**

The United States instituted this collection action on December 21, 2018, to collect federal tax liabilities against Defendants Joseph D. Cornwell, Jr. ("Cornwell") and his alter ego, Jomico, LLC ("Jomico"). (Doc. 1.) The United States holds a lien on a property owned by Cornwell, at 7313 Somerset Shores Court, Orlando, Florida 32819 (hereinafter the "Subject Property").[1] An

---

[1] Jomico holds the title to the Subject Property; however, as Jomico is merely an alter ego for Cornwell, the Subject Property is viewed as Cornwell's property. The Subject Property was

Amended Complaint was filed, adding Gloria LaBella as a Defendant because she claimed an interest in the Subject Property. (Docs. 40-1; 42, ¶ 12.) Gloria LaBella, proceeding *pro se*, answered the Amended Complaint on July 22, 2019. (Doc. 63.) Therein, she alleged that: (1) the Subject Property is her marital property (*Id.* ¶¶ 5–6); (2) the transfer of the Subject Property to Cornwell was fraudulent (*Id.* 16); and (3) as a surviving spouse she has a right to occupy the Subject Property because it is a homestead property (*Id.* ¶ 29).

Three months later, the United States moved for summary judgment against Gloria LaBella, arguing that she does not have a legal interest in the Subject Property. (Doc. 94.) The United States noted Gloria LaBella's estranged husband, Robert LaBella, purchased the Subject Property before marrying her, and therefore, under Florida law, it cannot be marital property. (*Id.* at 9, 10.) As an alternative theory, the United States argued that Gloria LaBella waived her interest when she entered into a pre-nuptial agreement with Robert LaBella. (*Id.* at 12.)

The Court directed Gloria LaBella to respond to the Motion for Summary Judgment (Doc. 95); however, the docket reflects that she failed to do so. District Judge Anne C. Conway granted summary judgment in the United States's favor. (Doc. 99.) In the Order, Judge Conway found Gloria LaBella did not have an interest in the Subject Property because she was not married to Robert LaBella when he purchased the property, she made no payments toward the purchase, and she waived her interest by signing the pre-nuptial agreement. (*Id.* at 16–18.) Nine months after the entry of judgment in favor of the United States, Judge Conway entered an Order directing the sale of the Subject Property (hereinafter "Order of Sale"). (Doc. 103.) Gloria LaBella filed the instant Motion and her Notice of Appeal thereafter. (Docs. 104, 105.)

---

transferred from LaBella Revocable Trust to Cornwell in 2015. (Am. Compl., Doc. 42, ¶ 15.)

**II.    STANDARD**

Title 28 of the United States Code, Section 1915, governs *in forma pauperis motions* filed in federal court. The statute provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Whether an appeal is taken in good faith is a matter within the discretion of the trial court." *Busch v. Cty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1948)). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

**III.   DISCUSSION**

Gloria LaBella seeks to appeal the Order of Sale because she is currently in state court proceedings to contest the validity of the pre-nuptial agreement. (Doc. 104.) She contends that the invalidation of the pre-nuptial agreement will "grant [her] rights as a surviving spouse under Florida Probate law, . . . an elective share, **homestead property rights**, and family allowance." (Doc. 104 (emphasis in original).) In light of the outcome in her state court litigation and her conduct in the instant action, the undersigned finds her appeal frivolous.

First, the judges at the state level previously found the pre-nuptial agreement to be enforceable. *See LaBella v. LaBella*, No. 2017-CA-4293-O (Fla. 9th Cir. Ct. Aug. 4, 2020). In the state court action, the court explained that "the claims in this matter were *fully and finally* litigated in the probate case . . . in which the Probate Court implicitly determined that the prenuptial agreement . . . was enforceable. The Probate Court's determination and ruling was upheld on appeal by the Fifth District Court of Appeal." *Id.* at 1 (italics added). As such, the court entered a

judgment against Gloria LaBella's claim to invalidate the pre-nuptial agreement based on the doctrine of collateral estoppel. *Id.* at 2. Gloria LaBella is currently appealing the circuit judge's decision in Florida's Fifth District Court of Appeal. Acknowledgement of Appeal, *LaBella v. LaBella*, No. 2017-CA-4293-O (Fla. 9th Cir. Ct. Aug. 4, 2020).

Second, Gloria LaBella failed to respond to the United States's Motion for Summary Judgment, even after Judge Conway ordered her to do so. This was Gloria LaBella's opportunity to present evidence and arguments demonstrating that the pre-nuptial agreement should be invalidated. Moreover, Judge Conway fully evaluated Plaintiff's theories raised in her Answer for finding she had an interest in the Subject Property, and Judge Conway concluded they did not have merit. (Doc. 99 at 16–18.)

The appeal in the instant action and the state court case are veiled attempts to forestall the Order of Sale. Plaintiff's state court appeal is unlikely to be meritorious, as the issues have been fully litigated. Even if Plaintiff is successful and the pre-nuptial agreement is invalidated, Judge Conway did not rely solely on the pre-nuptial agreement when entering a judgment in favor of the United States. Thus, the undersigned finds that Plaintiff's appeal is frivolous and "will not survive scrutiny under § 1915." *Fort v. Cilwa*, No. 5:17-mc-12-Oc-JSM-PRL, 2018 WL 1659914, at *2 (M.D. Fla. Jan. 23, 2018) (recommending denying a motion to appeal *in forma pauperis* as the issues raised by the movant were previously found unmeritorious by a district court, a court of appeals, and the United States Supreme Court), *report and recommendation adopted*, 2018 WL 1638511 (M.D. Fla. Jan. 26, 2018).

## IV.    RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Motion (Doc. 105) be **DENIED.**

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 24, 2021.

*[Signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties